UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 20-CV-23856-COOKE/DAMIAN

CAROL KELLY,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.

_____/

**ORDER ON DEFENDANT'S *DAUBERT* MOTION *IN LIMINE*
TO EXCLUDE CAUSATION OPINIONS AND TESTIMONY
OF PLAINTIFF'S TREATING PHYSICIAN, PAUL GORBY [ECF NO. 21]**

THIS CAUSE came before the court on Defendant, Carnival Corporation's ("Defendant" or "Carnival"), *Daubert* Motion *in Limine* to Exclude Causation Opinions and Testimony of Plaintiff's Treating Physician, Paul Gorby, DPM [ECF No. 21] (the "Motion"). This matter was referred to the undersigned pursuant to an Order of Referral for all non-dispositive pretrial matters by Judge Marcia G. Cooke [ECF No. 6].

THIS COURT has reviewed the Motion, the Response [ECF No. 32], and Reply thereto [ECF No. 33], as well as the documents submitted in support of the parties' filings, including Defendant's records of the Plaintiff's injuries [ECF No. 21-1], Plaintiff's expert witness disclosures and medical records [ECF Nos. 21-2, 33-1 ], Defendant's expert's report [ECF No. 32-1], the pertinent portions of the record, and all relevant authorities, and is otherwise fully advised in the premises.

## I. PROCEDURAL BACKGROUND

In the Complaint, filed September 9, 2020 [ECF No. 1], Plaintiff alleges she suffered severe injuries after she stepped on a screw on the carpet of her stateroom aboard Defendant's ship, Carnival Glory. Plaintiff asserts three causes of action, all sounding in negligence, against Defendant: (1) negligent failure to warn; (2) negligent failure to maintain; and (3) general negligence. *Id.* Generally, Plaintiff alleges Defendant was negligent in failing to maintain Plaintiff's stateroom in a safe manner by preventing the screw at issue from falling and remaining on the carpet of the stateroom, failing to discover the screw was there through proper inspection and maintenance, and, to the extent Defendant knew of the risk of such a danger, failing to warn Plaintiff of the risk. Defendant filed an Answer and Affirmative Defenses on October 12, 2021 [ECF No. 5].

On November 19, 2021, Defendant filed a Motion for Summary Judgment [ECF No. 18]. [ECF No. 12]. On the same date, November 19, 2021, Plaintiff served "Expert Witness Disclosures" in which Plaintiff states she is disclosing her "expert witnesses in this matter." She disclosed two expert witnesses: (1) Randall Jaques, a cruise ship safety expert,[1] and (2) Dr. Paul Gorby, DPM, as "Board Certified Foot and Ankle Surgeon, treating." [ECN No. 21-2]. Shortly thereafter, on December 3, 2021, Defendant filed the Motion now before the Court [ECF No. 21] seeking to exclude any expert and/or causation opinions and testimony from Plaintiff's treating physician, Dr. Paul Gorby, DPM, pursuant to Federal Rule of Civil Procedure 26, Federal Rule of Evidence 702, and *Daubert v Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). Based on the District Court's Scheduling Order, the deadline for disclosure of

---

[1] This Court previously struck Plaintiff's cruise ship safety expert as inadmissible under Federal Rule of Evidence 702, and *Daubert v Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). [ECF No. 43].

2

experts was July 9, 2021, and the fact and expert discovery cut-off date was October 22, 2021 [ECF Nos. 7, 12].[2] Defendant's Motion for Summary Judgment is now ripe, and this case is set for trial during the trial period beginning April 25, 2022. *See* ECF No. 7.

## II. PLAINTIFF'S DISCLOSURE OF DR. GORBY

As indicated above, Plaintiff identified Dr. Gorby in her Expert Witness Disclosures served on Defendant on November 19, 2021. Along with the one-page Expert Witness Disclosures, Plaintiff provided Dr. Gorby's medical records for his treatment of Plaintiff's foot injury allegedly suffered as the result of stepping on the screw. Plaintiff did not provide an expert witness report for Dr. Gorby, nor did she provide a CV or background information for Dr. Gorby nor a summary of opinions Dr. Gorby intends to offer. Indeed, no information was provided other than Dr. Gorby's name and address, an indication that he is a "Board Certified Foot and Ankle Surgeon" and a "treater", as well as accompanying medical records reflecting his treatment of Plaintiff.

## III. THE MOTION AND RESPONSE

In the Motion, Defendant argues that Dr. Gorby should be precluded from: (1) offering expert testimony for failure to provide a written report as required by Rule 26(a)(2)(B); and (2) offering lay testimony for failure to provide an adequate disclosure of the subject matter on which he is expected to present evidence or a summary of facts and opinions to which he is expected to testify as required by Rule 26(a)(2)(C). [ECF No. 21]. Defendant specifically argued that if permitted to testify as a treating physician, Dr. Gorby should only be permitted

---

[2] The original cut-off date for fact and expert discovery was September 17, 2021. [ECF No. 7]. This deadline was extended to October 22, 2021, pursuant to Judge Cooke's Amended Order Setting Civil Trial Date and Pretrial Deadlines. [ECF No. 12]. The expert disclosure deadline was not amended by the Order. *Id*.

3

to testify regarding facts and information necessary to Plaintiff's treatment and should not be permitted to testify regarding causation or the location of the occurrence of the injury. *Id.*

In response, Plaintiff argued that Dr. Gorby is offered only as Plaintiff's treating physician and, therefore, Plaintiff was not required to comply with Rule 26 requirements regarding expert witness disclosures. [ECF No. 32 at 4-5]. According to Plaintiff, she does not intend to elicit testimony from Dr. Gorby regarding causation. *Id.* However, Plaintiff goes on to state that in addition to testifying as Plaintiff's treating physician, Dr. Gorby is also being offered to rebut the opinions of Defendant's medical expert, Dr. Jesse O. Basadre. *Id.* at 4. Plaintiff made this disclosure, regarding the use of Dr. Gorby to rebut Defendant's expert report, for the first time in the Response to Defendant's Motion. Notably, although Plaintiff indicates Dr. Gorby will rebut Defendant's expert report, Plaintiff provides only a minimal indication of what Dr. Gorby's opinion about the expert report will be, stating: "Dr. Gorby, will, however, be offered to educate the jury concerning his rebuttal opinion that Dr. Basadre's opinion concerning the rate of infection in his patient, who Dr. Gorby himself is more familiar with as her treating doctor, is inaccurate based on his knowledge as her treating doctor." [ECF No. 32 at 5-6]. Plaintiff does not indicate what Dr. Gorby's opinion is regarding the rate of infection, and Plaintiff does not indicate why Dr. Gordy believes Dr. Basadre's opinion is "inaccurate."

In its Reply, Defendant argues that although Dr. Gorby may, as a treating physician, be permitted to testify regarding facts in a lay capacity, such as information limited to facts observed as part of his treatment of Plaintiff's injury, Dr. Gorby may not provide testimony to rebut or opine regarding Defendant's expert's report or opinion because such testimony exceeds the scope of lay or treating physician testimony and requires at least summary expert

4

disclosures pursuant to Rule 26(a)(2)(C). [ECF No. 33 at 4-6]. And, Defendant argues, merely providing medical records does not satisfy Rule 26(a)(2)(C)'s disclosure requirements. *Id*. at 6. Thus, because Plaintiff did not provide any expert disclosures for Dr. Gorby, Defendant argues that Dr. Gorby should be limited to testifying only regarding facts and observations learned while treating Plaintiff and should be prohibited from testifying regarding causation or location of injury and from rebutting Defendant's expert report and opinions. *Id*. at 6-7.

## IV.   APPLICABLE LEGAL STANDARD

### A. *Analyzing The Admissibility Of Expert Testimony*

The Court serves as a gatekeeper to the admission of scientific and technical expert evidence. *Quiet Technology DC-8 v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1340 (11th Cir. 2003) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 594–95 (1993)). The Court's role is especially significant given that an expert's opinion can be both powerful and quite misleading. *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004). Thus, the party offering the expert testimony bears the burden of laying the proper foundation, and that party must demonstrate admissibility by a preponderance of the evidence. *See Rink v. Cheminova*, 400 F.3d 1286, 1291-92 (11th Cir. 2005).

Federal Rule of Evidence 702 governs the admissibility of expert testimony. Pursuant to Rule 702, an expert witness may testify in the form of an opinion if: "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

In determining the admissibility of expert testimony, the Court engages in a three-part inquiry to consider whether:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology used by the expert in reaching his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact to understand the evidence or to determine a fact in issue through the application of scientific, technical or specialized expertise.

*City of Tuscaloosa v. Harcros Chemicals, Inc.*, 158 F.3d 548, 562 (11th Cir. 1998) (citing *Daubert*, 509 U.S. at 589). The Eleventh Circuit refers to each of these requirements as the "qualifications," "reliability," and "helpfulness" prongs and analyzes each one individually. *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004).

The issue now before the Court is not the admissibility of Plaintiff's expert testimony under *Daubert* and the Rules of Evidence, but, instead, involves Plaintiff's alleged failure to comply with her expert disclosure obligations under the Federal Rules of Civil Procedure.

### B. Rule 26 Expert Witness Disclosure Requirements

Federal Rule of Civil Procedure 26(a)(2) requires a party to disclose the identity of any expert witness it may call upon at trial. Pursuant to Rule 26(a)(2)(B), if a witness is retained or specifically employed to provide expert testimony in a case, the disclosure must be accompanied by a written report prepared and signed by the witness that sets forth the witness's opinions and the bases for those opinions. Fed. R. Civ. Pro. 26(a)(2)(B). If a party fails to provide information or identify an expert witness as required by Rule 26(a), the party is not allowed to use that information or witness to supply evidence at a trial, unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1); *Jones v. Royal Caribbean Cruises, Ltd.*, No. 12-20322-CIV, 2013 WL 8695361, *3 (S.D. Fla. Apr. 4, 2013) (Torres, J.).

When a witness is not specifically retained or employed to provide expert opinions and testimony but is, nevertheless, expected to provide expert opinions as part of his or her testimony, Rule 26(a)(2)(C) requires the party offering such testimony to disclose the identity of the witness, the subject matter on which the witness is expected to present evidence, and a summary of the facts and opinions to which the witness is expected to testify. Fed. R. Civ. Pro. 26(a)(2)(A)-(C). The summary disclosure required under Rule 26(a)(2)(C) is considerably less extensive than the report required by Rule 26(a)(2)(B), which makes it easier for non-retained experts to testify without preparing a comprehensive written report. *See In re Concept Boats, Inc.*, No. 19-CV-20526, 2020 WL 3162983, at *3 (S.D. Fla. May 28, 2020) (McAliley, J.). Even so, compliance with Rule 26(a)(2)(C) still requires disclosure of the subject matter regarding which the witness will present evidence, as well as a summary of the witness's opinions and the bases for those opinions. *See Jones*, No. 12-20322-CIV, 2013 WL 8695361 at *4. A reader of the disclosure must have an idea of the opinion the witness will offer and of the facts on which the witness will base that opinion. *Id.* at *4.

Physicians are listed as one example of the types of witnesses typically subject to Rule 26(a)(2)(C) in the Advisory Committee Notes to the 2010 amendments. Fed. R. Civ. P. 26 advisory committee's notes to 2010 amendment. Whereas treating physicians are not generally required to provide disclosures in compliance with Rule 26, if the physician's testimony is expected to include opinions beyond mere facts observed as part of a patient's treatment, such as opinions regarding the cause of injuries, the physician, who was not retained for the purpose of presenting expert testimony, must provide disclosures sufficient to satisfy Rule 26(a)(2)(C). *See Ortega-Guzman v. Sam's East, Inc.*, No. 16-81977-CIV, 2018 WL 11343940, at *2 (S.D. Fla. Aug. 30, 2018) (Zloch, J.). As Judge Cooke observed in *Bostic v.*

*Royal Caribbean Cruises, Ltd.*, No. 18-23694-CV, 2020 WL 9459287, at *5 (S.D. Fla. Sept. 11, 2020), "[g]iven the unique relationship a physician and a patient necessarily develop, courts routinely admit their expert testimony under the less stringent provisions of Rule 26(a)(2)(C)." (Citing *Goins v. Royal Caribbean Cruise, Ltd.*, 2017 WL 5749778 (S.D. Fla. May 17, 2017)).

Thus, a treating physician may testify as a lay witness regarding observations made during treatment of an injured person, and, if the testimony is so limited, the treating physician need not satisfy the expert disclosure requirements of Rule 26 or meet *Daubert* requirements. *See Underwood v. NCL (Bahamas) Ltd.*, No. 17-24492-CV, 2019 WL 1559659, at *3 (S.D. Fla. Apr. 10, 2019) (Torres, J.) (noting that treating physicians are not required to provide a Rule 26(a)(2)(B) report if opinions are based on observations made during treatment). However, "when a treating physician goes beyond the observations and opinions obtained by treating the individual and expresses opinions acquired or developed in anticipation of trial, then the treating physician steps into the shoes of an expert who may need to provide a Rule 26(a)(2)(B) report." *Leathers v. Pfizer, Inc.*, 233 F.R.D. 687, 697 (N.D. Ga. 2006). Likewise, the review and rebuttal of an opposing party's expert reports implicates a physician's expertise and exceeds the scope of treatment and, therefore, cannot be the subject of testimony by a physician witness without a written report. *Ortega-Guzman*, No. 16-81977-CIV, 2018 WL 11343940, at *4.

Under such circumstances, in which a treating physician's testimony exceeds the scope of treatment, the simple disclosure of the name of a treating physician does not comply with Rule 26(a)(2)(B) or (C). *See Jones*, No. 12-20322-CIV, 2013 WL 8695361 at *4. Nor does the provision of medical records alone satisfy the "summary of the facts and opinions" prong of Rule 26(a)(2)(C). *Id*. And, as Magistrate Judge Torres explained in *Jones, supra*, "Allowing

medical records to be submitted in lieu of a summary would invite a party to dump voluminous medical records on the opposing party, contrary to the rule's attempt to extract a 'summary.'" *Id*. (internal quotations omitted).

### C. Rule 37 And The Repercussions Of Failure To Comply With Rule 26(a)(2)

When a party fails to properly disclose an expert witness or expert opinions as required by Rule 26(a)(2), the party may not use the expert or opinion "unless the failure was substantially justified or is harmless." *Id*. (citing Fed. R. Civ. P. 37). Substantial justification requires justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request. *In re Denture Cream Prod. Liab. Litig.*, No. 09-2051-MD, 2012 WL 5199597, at *4 (S.D. Fla. Oct. 22, 2012) (Altonaga, J.), on reconsideration in part, No. 09-2051-MD, 2012 WL 13008163 (S.D. Fla. Nov. 14, 2012). Failing to comply with Rule 26 is "harmless" when "there is no prejudice to the opposing party." *Id*. (internal quotations omitted). When assessing whether there was substantial justification for the failure to disclose or whether the failure to disclose was harmless, courts consider four factors: (1) the importance of the excluded testimony; (2) the explanation of the party for its failure to comply with the required disclosure; (3) the potential prejudice that would arise from allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Jones*, 12-20322-CIV, 2013 WL 8695361 at*4

In *Jones*, Judge Torres considered a defendant's request to exclude treating physicians from presenting expert opinions under circumstances similar to those here and held that the plaintiff's failure to comply with Rule 26 by not providing expert disclosures for the testifying physicians was not substantially justified. *Id*. Judge Torres also pointed out that because the discovery cutoff was closed and trial was on the horizon, the Court was constrained in its

9

ability to cure the harm caused by plaintiff's noncompliant disclosures. *Id*. at *5. Thus, Judge Torres held that as for treating physicians that were not deposed before the discovery cutoff, plaintiff's "failure to provide expert reports, Rule 26 disclosures, or other discovery . . . results in unfair prejudice to the Defendant, at least to the extent that [plaintiff] intended to elicit expert testimony from these doctors." *Id*. at *6. Thus, the treating physicians in *Jones* were excluded from testifying at trial as expert witnesses but, as treating physicians, could still testify to the general course of plaintiff's medical treatment. *Id*.

## V.   DISCUSSION

With the foregoing in mind, the undersigned turns to the issue of whether Plaintiff's treating physician, Dr. Gorby, should be permitted to testify at the trial in this case. As indicated above and in Plaintiff's Response, Plaintiff intends to offer the testimony of Dr. Gorby as her treating physician (1) to testify regarding facts and observations learned as a result of treating Plaintiff's injuries, and (2) to rebut Defendant's expert witness report. Plaintiff indicates she does not intend to elicit testimony from Dr. Gorby regarding causation of Plaintiff's injury or the place such injury occurred.

As also indicated above, Plaintiff did not provide an expert report in compliance with Rule 26(a)(2)(B), nor a summary expert report pursuant to Rule 26(a)(2)(C), regarding Dr. Gorby's anticipated testimony or opinions. In fact, to date, even after Defendant raised the insufficiency of Plaintiff's disclosures regarding Dr. Gorby, Plaintiff still has not provided information regarding Dr. Gorby's opinions other than to indicate that Dr. Gorby "will be offered to educate the jury concerning his rebuttal opinion that Dr. Basadre's opinion

concerning the rate of infection in [Plaintiff] . . . is inaccurate . . . ." [ECF No. 32 at 5-6].[3] And Plaintiff does not argue that the failure to provide an expert report for Dr. Gorby was substantially justified but, instead, maintains that no report was required. Nor does Plaintiff argue a lack of prejudice to Defendant as the result of the failure to provide expert disclosures for Dr. Gorby.

Based on Rule 26 and the decisions interpreting the Rule's requirements, the undersigned finds that although a treating physician may offer lay testimony regarding information and observations learned as part of the patient's treatment without providing disclosures pursuant to Rule 26, a treating physician must provide such disclosures if he or she is to testify regarding information or opinions that implicate the physician's expertise and are beyond the scope of treatment. In that same vein, if a treating physician is offered to rebut an opposing party's expert opinion, the treating physician must, at a minimum, disclose the opinion he or she intends to offer and the bases for his or her opinion as required by Rule 26(a).

Here, by describing Dr. Gorby's intended testimony as being designed to "educate the jury regarding his rebuttal opinion" and to challenge the accuracy of Dr. Basadre's expert opinion, Plaintiff clearly intended to offer Dr. Gorby's opinions based on his expertise and beyond facts learned from treating Plaintiff's injuries. Moreover, the opinion Dr. Gorby intends to rebut is Dr. Basadre's opinion regarding the rate of infection, which is not information needed to treat Plaintiff's injuries but, instead, goes to an issue for trial – whether

---

[3] Notably, Plaintiff does not indicate what Dr. Gordy's opinion is regarding the rate of infection, only that he disagrees with Dr. Basadre's opinion.

the injury occurred on the ship or at some time before Plaintiff boarded the ship.[4] Accordingly, the undersigned finds that Dr. Gorby's intended testimony goes beyond observations and opinions obtained by treating Plaintiff and instead presents opinions developed in anticipation of trial. As such, Plaintiff was required to produce a report pursuant to Rule 26(a) that, at a minimum, provides a summary of Dr. Gorby's opinions as required by Rule 26(a)(2)(C). The undersigned further finds that merely providing medical records does not satisfy Rule 26(a)(2)(C)'s requirements.

Plaintiff failed to provide the required expert disclosures pursuant to Rule 26(a) for Dr. Gorby's expert opinions. The failure to do so does not automatically result in the exclusion of the expert testimony. The Court must consider whether the failure to do so was substantially justified and whether it caused prejudice to Defendant.

Plaintiff failed to demonstrate that her failure to provide a report was substantially justified. Plaintiff argues that she was not required to provide a report because Dr. Gorby was only offered as a treating physician. The Court finds that Plaintiff's belief that a disclosure was not required is belied by her own statements in her Response in which she indicates that Dr. Gorby will "educate the jury" and will provide his own "rebuttal opinion" challenging the accuracy of Defendant's expert's opinion. Plaintiff's claim that an expert disclosure was not warranted is not reasonable, and, therefore, the failure to provide a disclosure pursuant to Rule 26(a) was not substantially justified.

Plaintiff also failed to demonstrate that her failure to provide an expert disclosure was harmless. Plaintiff attempts to attribute the prejudice suffered by Defendant to Defendant

---

[4] That issue is arguably related to the place of occurrence of injury, which Plaintiff indicated was not within the scope of Dr. Gorby's intended testimony.

12

itself due to the failure to depose Dr. Gorby. Plaintiff's argument in this regard is unavailing. Initially, as the proponent of the witness, Plaintiff bears the burden of laying a proper foundation for admissibility by a preponderance of the evidence. *See Rink v. Cheminova*, Inc., 400 F.3d 1286, 1291-92 (11th Cir. 2005). Unaware during the discovery period that Dr. Gorby would be offering expert opinions challenging its own expert, Defendant cannot be faulted for electing not to depose Dr. Gorby, who was disclosed only as a "treater." Further, Plaintiff served her expert witness disclosures on November 19, 2021, almost a month after the close of discovery and did not indicate that Dr. Gorby was expected to provide testimony outside treating physician information until well after the close of discovery. Now, on the eve of trial, it is too late for Defendant to depose the witness regarding his expert opinions, causing unfair prejudice to Defendant and making it unlikely the harm can be cured.

Accordingly, the Court finds that Plaintiff failed to provide required Rule 26 disclosures regarding Dr. Gorby's expert opinions, causing prejudice to Defendant, and Plaintiff did not justify the failure to do so. In the absence of such disclosures, the physician may not testify regarding any opinions or information other than information relevant and necessary to the injured party's treatment. Mindful that the striking of a witness is a drastic remedy, the Court finds that Dr. Gorby should be permitted to testify as a treating physician regarding Plaintiff's course of treatment for her injury and observations made during her treatment.

VI. **CONCLUSION**

Based on the foregoing, it is hereby

**ORDERED and ADJUDGED** that Defendant's Motion *in Limine* to Exclude Causation Opinions and Testimony of Plaintiff's Treating Physician, Paul Gorby, DPM [ECF No. 21] is **GRANTED IN PART**.

As further detailed above, Dr. Gorby is permitted to testify at trial as Plaintiff's treating physician and may offer testimony concerning Plaintiff's course of treatment for her injury and observations made during her treatment. Dr. Gorby is precluded from offering expert opinions or testimony regarding the causation of Plaintiff's injury, the location of the occurrence of the injury, or regarding his opinions concerning or rebuttal of Defendant's expert, Dr. Jesse O. Basadre.

**DONE AND ORDERED** in Chambers at Miami, Florida this 30th day of March 2022.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE